961 F.2d 211
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
William Lee RIDGEWAY, Defendant-Appellant.
 No. 91-5305.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: January 10, 1992
Decided: April 30, 1992
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Beckley. Elizabeth V. Hallanan, District Judge. (CR-91-20)
 Kimberly G. Mann, LYNCH, MANN, SMITH & MANN, Beckley, West Virginia, for Appellant.
 Michael W. Carey, United States Attorney, Michael M. Fisher, Assistant United States Attorney, Charleston, West Virginia, for Appellee.
 S.D.W.Va.
 AFFIRMED.
 Before WILKINSON, WILKINS, and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 William Lee Ridgeway was convicted by a jury of conspiracy to distribute marijuana (21 U.S.C. § 846 (1988)) and distribution of marijuana (21 U.S.C.A. § 841 (West 1981 & Supp. 1991). He appeals the sentence he received on two grounds: (1) that the district court failed to make a finding on whether 120 pounds of marijuana previously distributed was part of the same course of conduct as the offense of conviction, and (2) that the 120 pounds of marijuana was improperly included as relevant conduct in computing his offense level. We affirm.
 
 
 2
 While delivering a pound of marijuana to a confidential informant who was making a controlled buy, Ridgeway stated twice that he had previously brought 120 pounds of marijuana from Arizona to West Virginia. At the sentencing hearing, Ridgeway contended that the statement was mere puffery and that, even if it was taken as true, there was no evidence that the 120 pounds was part of the same course of conduct as the one-pound controlled buy. See United States Sentencing Commission, Guidelines Manual,s 1B1.3 (a)(1)-(a)(2) (Nov. 1990).
 
 
 3
 After considerable argument, the district court found that on the issue of whether the 120 pounds was properly included as relevant conduct in the amount of drugs sold by the defendant in the course of the offense of conviction, "the balance goes to the government." Although the better practice is for the district court to make an explicit finding with a statement of supporting reasons, see United States v. Duarte, F.2d, No. 91-1203, 1991 WL 258882 at*2932 (7th Cir. Dec. 10, 1991), the district court's determination encompassed a finding on the same course of conduct issue and was sufficient.
 
 
 4
 Furthermore, the court's determination that the 120 pounds was relevant conduct was not clearly erroneous because the district court had before it evidence that Ridgeway's cousin, Carl Ridgeway, was a marijuana dealer living in Arizona, that the pound sold to the informant was part of a load just "brought in" by Carl, and that Ridgeway delivered the money from the sale to Butch Fox, also convicted of marijuana dealing. All three were targets of investigation, suspected of selling in marijuana in the area. Taken in context, Ridgeway's statement could be most readily interpreted as referring to an act in furtherance of the same conspiracy he was engaged in when he made the statement. He provided no evidence to support a different conclusion.
 
 
 5
 We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED